2006 JAN 20 AM 10: 25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. **5:06CV0149** |
| Plaintiff, ) | |
| ) | Judge **JUDGE ADAMS** |
| vs ) | |
| ) | COMPLAINT |
| EDDIE JU LING NI, ) | |
| ) | |
| Defendant. ) | **MAG. JUDGE LIMBERT** |

This is an action by the United States of America to seek injunctive relief aimed at preventing the defendant, Eddie Ju Ling Ni, from engaging in a pattern and practice of employing illegal aliens. This case is related to a parallel criminal case, <u>United States v. Eddie Ju Ling Ni</u>, Criminal No. 5:05CR532 (Judge O'Malley) and the parties have agreed to propose resolving this civil action by a consent decree as part of the resolution of that criminal case.

<u>PARTIES</u>

1. The Plaintiff in this action is the United States of America (United States).

- 1 -

2.   The Defendant is Eddie Ju Ling Ni ("Ni").

## JURISDICTION AND VENUE

3.   This action is brought by the United States under the Immigration and Nationality Act, specifically under 8 U.S.C., §1324a(f)(2).

4.   This court has subject matter jurisdiction over this action pursuant to 8 USC §1324a et. seq. and 28 USC §1345.

5.   Venue is proper in this district pursuant to 8 USC §1324a(f)(2) and 28 USC §1391(b) because the Defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

6.   On November 21, 2005, defendant Eddie Ju Ling Ni appeared before United States District Judge Kathleen M. O'Malley in <u>United States v. Eddie Ju Ling Ni</u>, Criminal No. 5:05CR532-KMO ("related criminal case") and entered a plea of guilty to a criminal information pursuant to a written plea agreement, including a plea to willfully engaging in a pattern and practice of employing illegal aliens in violation of 8 U.S.C. §1324a(f)(1).  That signed plea agreement is attached hereto and incorporated by reference into this complaint.  (Attachment A)(Docket No. 7 in the Related Criminal Case).

7. Eddie Ju Ling Ni was a businessman who owned and operated Chinese restaurants in the Northern District of Ohio, Eastern Division, and elsewhere both directly and through various corporate entities ("Ni businesses").

8. Among the restaurants operated by Ni and others with whom he worked were Ni's International Dynasty Buffet, Super International Buffet and Lounge, Dynasty International, Ni's Express, and No. 1 Great Buffet.

9. As an owner of these restaurants, Ni supervised, either directly or indirectly, various managers ("Ni Restaurant Managers" or "Managers") and, through them, various employees who worked in and for the Ni businesses ("Ni Restaurant Employees").

10. Among other things, Ni and the Ni Restaurant Managers worked together to hire the Ni Restaurant Employees.

11. From in or about 2001 until in or about 2004, in the Northern District of Ohio and elsewhere, Ni willfully engaged in a pattern and practice of hiring Chinese immigrant aliens who were not lawfully present in the United States to be employed in the Ni businesses.

12. At least 20 such illegal aliens persons were employed by Ni and his businesses during that period and as part of that pattern.

COUNT I: IMMIGRATION AND NATIONALITY ACT - 8 USC §1324a(f)(2)

13. Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 12 as if fully rewritten herein.

14. This is a claim for injunctive action, in the form of a consent decree under the Immigration and Nationality Act, 8 USC §1324a(f)(2), for Defendant engaging in a pattern and practice of employing and recruiting illegal aliens to work at the Ni businesses.

15. By the acts described above, Defendant willfully employed and caused to be employed at least 20 illegal aliens at the Ni businesses.

16. By reason of Defendant's acts, the United States has reasonable cause to believe that Ni has engaged in a pattern or practice of willfully employing illegal aliens and that injunctive relief separating Ni from the Ni businesses through which he accomplished this unlawful objective is necessary to prevent to recurrence of such conduct.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against the Defendant Eddie Ju Ling Ni as follows:

a) On Count I that the Court enter a permanent injunction ordering that Ni divest himself of his ownership interest in any Chinese food restaurant as of the date of his sentencing in the related criminal case and further ordering that he shall be enjoined from any direct or indirect role in the ownership, control or operation of any Chinese food restaurant from that date onward.

Respectfully submitted,

GREGORY A. WHITE
UNITED STATES ATTORNEY

By: *[signature]*

Steven M Dettelbach (0055848)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH 44113
216-622-3856
FAX 216-522-2404
steven.dettelbach@usdoj.gov

Attorney for the

United States of America